UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>SANNY NEMIS,<br><br>         Defendant. | 16 CR. 498 (DAB) |

**Government's Sentencing Submission**

                                                                        PREET BHARARA
                                                                        United States Attorney for the
                                                                        Southern District of New York
                                                                        One St. Andrew's Plaza
                                                                        New York, New York 10007

Jessica Fender
Assistant United States Attorney
     *Of Counsel*



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2017

**VIA CM/ECF**

Honorable Deborah A. Batts
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    <u>United States</u> v. <u>Sanny Nemis</u>, 16 Cr. 498 (DAB)

Dear Judge Batts:

      The Government writes in connection with the sentencing of defendant Sanny Nemis (the "defendant" or "Nemis"), scheduled to take place on April 4, 2017 at 11:00 a.m.  As suggested herein, the Government believes that sentence within the Guidelines range of 10 to 16 months is warranted to achieve the purposes of sentencing.

      **The Offense**

      As reflected in the Presentence Report ("PSR"), the defendant worked with others over the course of years to assist in the preparation and submission of fraudulent applications for those seeking to obtain H-1B visas into the United States.  (PSR ¶ 2.)  The defendant came to law enforcement's attention because applicants seeking H-1B visas—which are granted only to those who meet specific criteria for specialty occupations—appeared to have been coached during their embassy interviews, and to have illegally paid for the privilege of applying for a seemingly non-existent specialty occupation.  (PSR ¶¶ 10-13.)  Sanny Nemis was the individual who had signed the petitions seeking H-1B visas on behalf of those applicants.  (PSR ¶ 14.)  The defendant had sponsored numerous individuals for H-1B visas with knowledge that the positions did not exist, and he charged applicants between $7,000 and $10,000 per application.  (PSR ¶¶ 17-18.)  Not only did the defendant sponsor fraudulent applicants relating to his own place of employment, but he had similar arrangements with at least two other schools in New York City.  (PSR ¶¶ 19-23.)

      **The Plea and Plea Agreement**

      On November 29, 2017 pursuant to a plea agreement with the Government, the defendant pleaded guilty to Count One of the Indictment, charging him with conspiracy to commit visa fraud.  (PSR ¶ 2.)  In the plea agreement, the parties stipulated that the total offense level is 14 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2L2.1(b)(2)(A), because the defendant's

fraud involved between six and 24 documents or passports. (PSR ¶ 5(1)-(3).) Taking into account the defendant's acceptance of responsibility, the overall offense level is 12. (PSR ¶ 5(5).) Because the defendant's Criminal History Category is I, the applicable Guidelines range is 10 to 16 months' imprisonment. (PSR ¶ 5(6)-(7).)

The Probation Office calculated the same Guidelines range, and recommended a below-Guidelines' sentence of 2 years' probation. (PSR at 12.)

**Argument**

A sentence within the Guidelines range of 10 to 16 months' imprisonment is warranted to achieve the goals of sentencing, and principally the need to provide just punishment, promote respect for the law, and foster specific and general deterrence.

Sanny Nemis—himself the beneficiary of the H-1B program—abused his position in order to commit pervasive fraud over many years. In committing this fraud, he obtained thousands upon thousands of dollars from vulnerable people hoping to gain entry into the United States, taking up to $10,000 per person. Not only did the defendant abuse his own position of authority, he made other schools parties to the fraud, increasing his profit and the number of people improperly admitted into the United States. This crime is a serious crime, and it warrants a serious punishment.

Unlike many who come before the Court, this defendant had the education, the family support, and the skill set to succeed without resulting to his illegal scheme. For instance, the defendant had an economically challenged but stable upbringing, (PSR ¶ 47), and his family is filled with individuals who have steady, gainful employment (PSR ¶¶ 46). He reports no mental or emotional health problems. (PSR ¶ 55.) And the defendant has a master's degree, as well as an employment history that allowed him the opportunity to pursue legal, well-paying employment. (PSR ¶¶ 57-60.) Nor is he a young, impulsive individual; now in his mid-40s, he understood the potential risks and rewards of his actions.

As is made clear by the PSR, the defendant has some challenging personal circumstances, particularly his brother-in-law's stroke. Unfortunately, every incarceratory sentence negatively affects the friends and family who love and depend upon a defendant for support. Here, a non-incarceratory sentence will not provide just punishment for the defendant's behavior. Nor does such a sentence have a deterrent effect on others who would engage in the same behavior. Accordingly, to provide just punishment, to promote respect for the law, and to deter the defendant and others from future unlawful conduct, a Guidelines sentence is warranted.

**Conclusion**

For the foregoing reasons, the Government submits that a term of incarceration within the Guidelines range of 10 to 16 months is warranted to meet the purposes of sentencing.

Respectfully submitted,
PREET BHARARA

By: _____
Jessica Fender
Assistant U.S. Attorney
(212) 637-2276

cc: Matthew Kluger, Esq. (by e-mail)